IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WYETH, | : |
| | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : No. 08-0754 |
| | : |
| DR. BERNARD M.J. WOLFE, | : |
| | : |
| Defendant. | : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                    **AUGUST 28, 2008**

Presently before the Court are the parties' Cross-Motions for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons set forth below, the Motion of Dr. Bernard M.J. Wolfe ("Dr. Wolfe") will be granted. The Motion of Wyeth will be granted in part and denied in part.

**I.    FACTS**

The dispute in this case centers around a series of agreements entered into by the parties with regard to the research and development of hormone replacement therapy medications. Dr. Wolfe is the inventor of a low-dose progesterone therapy, a type of hormone replacement therapy often prescribed to menopausal and postmenopausal women. This progesterone therapy forms the basis of United States patent No. 4,826,831 ("the 831 patent"). The patent describes methods of treating menopausal and postmenopausal disorders using estrogen and progesterone. Between 1985 and 2000, Dr. Wolfe and Wyeth's predecessor, American Home Products Corporation, entered into a series of agreements regarding the 831 patent. On January 1, 1991, Wyeth and Dr.

Wolfe entered into an Option Agreement to allow Wyeth to "evaluate and develop" the information found in the 831 patent. (Compl. ¶ 12.) On December 9, 1992, the parties then entered into two License Agreements. Under these agreements, Dr. Wolfe granted Wyeth the right "to make, have made, use and sell products under the 831 patent" in exchange for royalties on the sale of the products. (Id.) The License Agreements were amended on April 1, 2000.

Pursuant to these agreements, each party retained the right to conduct independent research regarding hormone replacement therapy, and each party retained ownership of any intellectual property stemming from that party's individual research. In the early 1990s, Wyeth scientists, headed by Dr. James Pickar, began working on the Health and Osteoporosis, Progestin and Estrogen ("H.O.P.E.") study. On March 15, 2001, Wyeth sought to patent Dr. Pickar's findings from the H.O.P.E. study, and filed Patent Application No. 09/808, 878 ("the 878 patent"). Dr. Wolfe was not named as an inventor on Wyeth's application for the 878 patent.

On September 27, 2007, Dr. Wolfe filed two separate Complaints against Wyeth in Canada. In a case filed in the Canadian Federal Court, Dr. Wolfe seeks a declaration that the Canadian Patent Application corresponding to the 878 patent application in the United States should be amended to list Dr. Wolfe as the sole inventor. In an action filed in the Ontario Superior Court of Justice, Dr. Wolfe alleges claims against Wyeth for breach of contract, breach of fiduciary duty and misappropriation. In response, Wyeth filed a Declaratory Relief action in U.S. District Court. Wyeth seeks a declaration that it did not misappropriate any confidential information provided to it by Dr. Wolfe and that Dr. Wolfe's claims are time-barred by Pennsylvania's statute of limitations. On March 24, 2008, Dr. Wolfe filed a Motion to Dismiss Wyeth's Complaint for Declaratory Relief, or alternatively, to stay the proceedings in this Court

pending the disposition of the two actions filed in Canada.  On May 8, 2008, this Court entered an Order denying Dr. Wolfe's Motion to Stay, allowing Wyeth's declaratory judgment action to proceed in this Court.  Both parties have now filed Motions for Judgment on the Pleadings.  Wyeth, in its Motion, requests that this Court enter judgment declaring that any claim for breach of contract, misappropriation or breach of fiduciary duty that Dr. Wolfe may have against Wyeth is barred by the Pennsylvania statute of limitations.  In addition, Wyeth asks this Court to go a step further and declare that, in addition to being time-barred, Dr. Wolfe's claims are substantively without merit.  Dr. Wolfe concedes that his claims are barred by the statute of limitations; however, he urges that this Court should simply declare that the claims are time-barred and should decline to hear the case on the merits.  We address the parties' arguments below.

## II.   STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).  Constitution Bank v. DiMarco, 815 F. Supp. 154, 157 (E.D. Pa. 1993).  Therefore, a court should not grant a judgment on the pleadings, unless "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law."  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).  The facts contained in the pleadings and any inferences that could be drawn therefrom should be viewed in the light most favorable to the non-moving party.  Id.  A court should not enter judgment on the pleadings unless "viewing all facts in the light most favorable to the non-moving party and accepting as true the allegations in that party's pleadings and as false all controverted assertions of the movant . . . it is beyond doubt that the non-movant can plead no facts that would support

his claim for relief." Constitution Bank, 815 F. Supp. at 157.

**III.   DISCUSSION**

Wyeth seeks a declaration that Dr. Wolfe's claims are time-barred by the Pennsylvania statute of limitations, as well as a declaration that his claims are substantively without merit. With regard to the statute of limitations question, the parties agree, and this Court finds, that Dr. Wolfe's claims are time-barred by the Pennsylvania statute of limitations.

With regard to the merits of Dr. Wolfe's claims, Wyeth states that it intends to ask the Ontario Court to give effect to any finding of this Court that Dr. Wolfe's claims are time-barred or substantively without merit. Wyeth seeks a declaration on the merits because, in the event that the Ontario Court chooses not to give *res judicata* effect to this Court's determination that Dr. Wolfe's claims are time-barred, Wyeth could request that the Ontario Court give effect to this Court's findings on the merits. Dr. Wolfe contends that we should decline to hear the case on the merits and should rule only on the statute of limitations issue. We agree.

District Courts have broad discretion under the Declaratory Judgment Act in deciding whether to hear declaratory actions. See 28 U.S.C. § 2201 (West 2008). In Brillhart v. Excess Ins. Co., the Supreme Court stated:

> Ordinarily it would be uneconomical and vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. . . . [A district court] should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding in the state court. This may well entail inquiry into the scope of the pending state court proceeding and the nature of the defenses open there.

> The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

316 U.S. 491, 495 (1942).  The Third Circuit has also identified additional factors for courts to consider when deciding whether to hear declaratory actions, including: (1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies.  Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc., 887 F.2d 1213, 1224 (3d Cir. 1989).  Furthermore, "[i]n conducting this inquiry, 'courts look with disapproval upon any attempt to circumvent the laudable purposes of the Act and seek to prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata.'"  Id. at 1225 (quoting 6A J. Moore, J. Lucas & G. Girtheer, Jr., Moore's Federal Practice ¶ 57.08[5], at 57-50 (2d ed. 1987)).

In light of the factors set forth above, we decline to reach the merits of Wyeth's declaratory judgment action.  First, it would be improper for the Court to make a declaration as to the merits of Dr. Wolfe's claims for the sole purpose of providing Wyeth with a judgment that it can later use for purposes of *res judicata* in the Ontario action.  See id.  Secondly, the Court is not satisfied that a declaration on the merits would do much to resolve the parties' dispute.  A declaration on the merits by this Court would not dispose of the case in Ontario.  In fact, unless that Court decided to give *res judicata* effect to this Court's judgment, a determination by this Court would not affect the Ontario action at all.  The Canadian Court is free to accept or reject any findings of this Court.  Neither this Court, nor the parties, have any basis with which to determine how the Ontario Court will handle the case before it, and a determination on the merits

by this Court will do little to resolve that uncertainty.  As such, we decline to make a declaration as to the merits of Dr. Wolfe's claims and hold only that his claims are time-barred by the Pennsylvania statute of limitations.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WYETH,<br><br>             Plaintiff,<br><br>v.<br><br>DR. BERNARD M.J. WOLFE,<br><br>             Defendant. | CIVIL ACTION<br><br>No. 08-0754 |

**ORDER**

**AND NOW**, this   28th   day of August, 2008, in consideration of the Cross-Motions for Judgment on the Pleadings filed by each of the above-captioned parties and the responses thereto, it is hereby **ORDERED** as follows:

(1) The Motion for Judgment on the Pleadings filed by Plaintiff Wyeth (Doc. No. 24) is **GRANTED** insofar as Wyeth requests that this Court declare that Dr. Wolfe's claims are barred by the Pennsylvania statute of limitations.  Wyeth's Motion is **DENIED** in all other respects;

(2) The Motion for Judgment on the Pleadings filed by Defendant Dr. Bernard M.J. Wolfe (Doc. No. 25) is **GRANTED**.

                                                    BY THE COURT:

                                                    /s/ Robert F. Kelly
                                                    ROBERT F. KELLY
                                                    SENIOR JUDGE